**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| **WILLIAM KEY,** *Plaintiff*, v. **BUTCH'S RAT HOLE & ANCHOR SERVICE, INC.,** *Defendant*. | Civil Action No. 2:17-cv-01171 ORIGINAL CLASS ACTION COMPLAINT |

**ORIGINAL CLASS ACTION COMPLAINT**

1. Plaintiff William Key brings this class action individually and on behalf of the below-defined NM Class Members against Defendant Butch's Rat Hole & Anchor Service, Inc.

**I. PRELIMINARY STATEMENT OF FACTS**

2. Defendant provides oilfield services to its oil and gas industry customers in New Mexico. Defendant has employed non-exempt workers ("Field Workers" or "FWs") to perform manual and technical labor to provide these services to customers at jobsites throughout New Mexico over the past three years, but failed to properly pay them for all overtime hours worked or overtime at the legally required rate in violation of the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) ("NMMWA")

3. FWs regularly worked over 40 hours per workweek. Defendant has violated and continues to violate the NMMWA by paying FWs pursuant to its (1) "Uncounted Hours Policy" that fails to pay for all hours worked or an overtime premium for all overtime hours worked; and (2) "Overtime Miscalculation Policy" that fails to pay overtime at the rate required by the NMMWA.

4.     **UNCOUNTED HOURS POLICY:** Defendant failed to accurately track or count hours worked by FWs on three specific categories of work:

- **PRE-JOB WORK:** Defendant required FWs to report to Defendant's facility to load Defendant's trucks with materials and perform other required pre-job tasks prior to performing work at jobsites.

- **TRAVEL WORK:** Following the completion of Pre-Job Tasks, Defendant required FWs to travel to job sites to perform oilfield services. Following the completion of a job, Defendant required FWs to travel back to Defendant's facility to perform Post-Job Work. Travel to and from each job site depended on the job location, but generally took anywhere from 30 minutes to an hour each way.

- **POST-JOB WORK:** Defendant required FWs to return to Defendant's facility to unload Defendant's tools/equipment and wrap-up Defendant's operations for that job.

Because Defendant did not accurately track or count hours worked by FWs on these tasks towards overtime, Defendant violated the NMMWA by failing to pay FWs overtime compensation for all hours worked in excess of 40 per workweek.

5.     **OVERTIME MISCALCULATION POLICY**: Defendant also violated the NMMWA by failing to include all required remuneration earned by FWs into the regular rate of pay to calculate overtime for the overtime hours it managed to track and count for FWs. The payments excluded from the regular rate of pay ("Additional Pay") include, but may not be limited to Truck Pay, Ride Pay and non-discretionary bonus pay. Defendant's failure to include all Additional Pay earned by FWs into the regular rate ("Overtime Miscalculation Policy") violated the NMMWA.

6.     Defendant has violated and continues to violate NMMWA by employing non-exempt FWs and paying them pursuant to the Uncounted Hours Policy and Overtime Miscalculation Policy (collectively, "Illegal Policies"). As a result of this illegal continued course of conduct, this lawsuit seeks to address "all violations that occurred as part of

Defendant's continuing course of conduct <u>regardless of the date on which they occurred</u>." N.M. Stat. Ann. § 50–5–32.

## II.   PARTIES

7. Plaintiff worked for Defendant as a FW from November 2014 to August 2016. The work Plaintiff performed as a FW in this District serves as the basis for his NMMWA claim.

8. Plaintiff brings his NMMWA claim as a Rule 23 class action on behalf of the "NM Class Members." The NM Class Members consist of Defendant's non-exempt workers who worked over 40 hours in at least one week in New Mexico over the past three years who (1) performed work for Defendant at jobsites; or (2) received Additional Pay that Defendant failed to include in the regular rate of pay to calculate overtime.

9. Defendant is a Texas Corporation that does business throughout the United States, including New Mexico. Defendant conducts a substantial portion of its business in New Mexico out of its location at 2011 N. Roselawn, Artesia, NM 88210. Defendant may be served through its registered agent Scott Bryant, at 2011 Roseland, Artesia, NM 88210, or wherever he may be found.

## III.   JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over the claims made in this complaint pursuant to 28 U.S.C. § 1332(d) because (1) this case involves over 100 NM Class Members; (2) the NM Class Members' total claims exceed $5,000,000 in the aggregate, exclusive of costs or interest; and (3) at least one NM Class Member is from a different state than Defendant.

11. Venue is proper in this jurisdiction because Plaintiff and the NM Class Members worked in this District and the events giving rise to these claims occurred in this District.

## IV.   NMMWA COVERAGE FACTS

12. At all relevant times, Defendant acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the NM Class Members.

13. At all relevant times, Defendant constituted an employer or joint employer within the meaning of NMMWA and specifically NM STAT ANN. § 50-4-21(B).

14. At all relevant times, Plaintiff and the NM Class Members constituted individual employees employed by an employer as the term "employee" is understood under NM STAT ANN. § 50-4-21(C).

## V.   ADDITIONAL FACTUAL ALLEGATIONS

15. Defendant has continuously conducted business in this judicial district over the last three years and since it began paying Field Workers who worked in New Mexico on an exempt basis.

16. Plaintiff worked as a Field Worker, and specifically as a Caser and Tool Hauler, for Defendant from approximately November 2014 to August 2016.

17. As a Field Worker, Plaintiff did not receive a guaranteed amount of money to work each week, but instead received his pay on a non-exempt basis.

18. Plaintiff's primary job duties consisted of performing manual and technical labor for Defendant at customer jobsites.

19. Plaintiff regularly worked over 40 hours per workweek, but did not receive overtime in compliance with the NMMWA.

20. Defendant violated NMMWA by paying Plaintiff pursuant to (1) the Uncounted Hours Policy that failed to pay Plaintiff an overtime premium for all overtime hours worked; and

(2) the Overtime Miscalculation Policy that failed to incorporate all Additional Pay earned by Plaintiff into the regular rate to calculate overtime.

21. Defendant knew that Plaintiff regularly worked over 40 hours per week.

22. Despite the Plaintiff routinely working over 40 hours per week, Defendant failed to pay him an overtime premium at a rate of one-and-one-half times his regular rate for all hours worked in excess of 40 per workweek in New Mexico.

23. Plaintiff is entitled to receive overtime pay at a rate of one-and-one-half times his regular rate for all hours worked in excess of 40 per workweek in New Mexico.

24. During the three years prior to the filing of this Complaint, Defendant employed the NM Class Members as FWs.

25. As FWs, NM class members did not receive a guaranteed amount of money to work each week, but instead received their pay on a non-exempt basis.

26. The NM Class Members primary job duties consisted of performing manual and technical labor for Defendant at customer jobsites.

27. The NM Class Members regularly worked over 40 hours per workweek, but did not receive overtime in compliance with the NMMWA.

28. Defendant violated NMMWA by paying the NM Class Members pursuant to (1) the Uncounted Hours Policy that failed to pay NM Class Members an overtime premium for all overtime hours worked; and (2) the Overtime Miscalculation Policy that failed to incorporate all Additional Pay earned by NM Class Members into the regular rate to calculate overtime.

29. Defendant knew the NM Class Members regularly worked over 40 hours per week.

30. Despite the NM Class Members routinely working over 40 hours per week, Defendant failed to pay them an overtime premium at a rate of one-and-one-half times their regular rate for all hours worked in excess of 40 per workweek in New Mexico.

31. The NM Class Members are entitled to receive overtime pay for all hours worked in excess of 40 per workweek in New Mexico.

## VI. NEW MEXICO CLASS ACTION ALLEGATIONS

32. Plaintiff incorporates all allegations previously made in this Complaint.

33. Plaintiff brings his class action on behalf of the respective NM Class Members.

34. The NM Class Members are so numerous that their joinder is impracticable.

35. While the precise number of the NM Class Members is unknown, at least 100 NM Class Members worked for Defendant in at least one workweek of more than 40 hours in New Mexico during the past three years and throughout the time period Defendant's continuing course of conduct occurred.

36. Plaintiff's claims are typical of the NM Class Members.

37. Plaintiff and the NM Class Members were classified as non-exempt from overtime.

38. Plaintiff and the NM Class Members' primary job duties consisted of non-exempt work.

39. Plaintiff and the NM Class were not paid a guaranteed salary each week, but instead received their pay on a non-exempt basis.

40. Plaintiff and the NM Class Members worked over 40 hours in at least one workweek of more than 40 hours for Defendant in New Mexico during the last three years and/or the time period Defendant's continuing course of conduct occurred.

41. Plaintiff and the NM Class Members were denied overtime at a rate of one-and-one-half times their regular rate for all overtime hours worked.

42. Common questions of law and fact for the NM Class Members predominate over any questions affecting any individual member, including:

   a. Whether Defendant's Uncounted Hours Policy violated NMMWA by failing to pay the NM Class Members overtime compensation at a rate of time-and-one-half for all hours worked in excess of 40 in an individual workweek;

   b. Whether Defendant's Overtime Miscalculation Policy violated NMMWA by not paying overtime at the legally required rate of one-and-one-half times the regular rate of pay;

   c. The proper measure of damages sustained by the respective NM Class Members; and

   d. Whether Defendant should be enjoined for such violations in the future.

As a result, Plaintiff will fairly and adequately protect the NM Class Members' interests and has retained counsel experienced in complex wage and hour class litigation.

43. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2). Defendant acted or refused to act on grounds generally applicable to the NM Class Members. Final injunctive and/or declaratory relief is appropriate to the NM Class Members as a whole.

44. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3): (1) questions of law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation—

individuals lack the financial resources to vigorously prosecute lawsuits against large corporations. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to policies and practices, including the failure to pay overtime to the NM Class Members. No apparent difficulties exist in managing this class action. Plaintiff intends to send notice to the Rule 23 NM Class Members to the extent required by Fed. R. Civ. 23(c).

### VII.   COUNT I: VIOLATION OF NMMWA

45.   Plaintiff incorporates all allegations previously made in this Complaint.

46.   Plaintiff and the NM Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D). During the relevant time period, Defendant violated and continues to violate NMMWA by employing employees and regularly and repeatedly failing to pay employees for all hours worked and failing to pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the NM Class Members have suffered and will continue to suffer from a loss of income and other damages. Plaintiff and the NM Class Members are entitled to their unpaid wages, an amount equal to twice their unpaid wages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under NMMWA. Moreover, Plaintiff requests that this lawsuit encompass all violations that occurred as a part of Defendant's continued course of conduct regardless of the date on which they occurred.

## VIII.   RELIEF SOUGHT

47.   Plaintiff prays for the following relief against Defendant on an individual basis and on a representative basis on behalf of the NM Class Members:

a.   For an Order certifying his NMMWA claim as Class Action pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as Class Representative under NMMWA, and for designation of Plaintiff's counsel as class counsel;

b.   For Judgment that Defendant violated NMMWA by failing to pay Plaintiff and the NM Class Members overtime compensation;

c.   For an Order awarding Plaintiff and the NM Class Members all unpaid overtime compensations, an amount equal to twice their unpaid wages as liquidated damages, prejudgment interest and all available penalty wages under NMMWA;

d.   For all costs and attorneys' fees incurred prosecuting this claim, as allowed by law; and

e.   For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ J. Derek Braziel*
**J. DEREK BRAZIEL**
*Co-Attorney in Charge*
Texas Bar No. 00793380
jdbraziel@l-b-law.com
**TRAVIS GASPER**
Texas Bar No. 24096881
gasper@l-b-law.com
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**JACK SIEGEL**
*Co-Attorney in Charge*
Texas Bar No. 24070621
jack@siegellawgroup.biz
Siegel Law Group, PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
(214) 749-1400 phone
www.siegellawgroup.biz

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is the Original Complaint. Service of this Complaint will be made on Defendant with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

*/s/ J. Derek Braziel*
**J. DEREK BRAZIEL**